## APPLICATION OF THE PHRASES "WILLFUL ACT" AND "LAWFUL REQUIREMENT."

Common Pleas Court of Hamilton County.

### GEORGE KUHN v. THE CINCINNATI TRACTION COMPANY.

Decided, May 16, 1921.

*Workman Injured by Fall of an Elevator—Elects to Sue his Employer Directly—Pleading—Conflict Between the Patten and the McLanahan Cases—Designation of Place of Accident as "Shop" or "Factory."*

1. While the statutory definition of a "willful act," making it an act done knowingly and purposely and with the direct object of injuring another," renders it highly improbable that any Ohio employer will ever be held liable for such an act by an employee, a court will not assume to determine from a mere inspection of his pleading what facts a plaintiff may be able to establish when his case comes on for hearing on the merits, and hence an allegation that his injuries were the result of a "willful act" on the part of the defendant will not be stricken from the petition.

2. A violation of any of the provisions of Section 1027 is a violation of a "lawful requirement" within the meaning of Section 1465-76, G. C.,

*H. Kenneth Rogers,* for the motion.
*Roettinger & Street,* contra.

DIXON, J.

Heard on motion to strike from the amended petition and to make the same definite and certain.

This action is brought by the plaintiff to recover compensation from the defendant for injuries plaintiff claims to have received while employed by defendant.

It is stated in the amended petition and is not disputed, that the defendant regularly employed five or more workmen, and has been authorized by the Industrial Commission of Ohio, as provided by Section 22 of the Workmen's Compensation Act, to

compensate its employees directly for injuries received by them in the course of employment.

Plaintiff in this case has waived his right to have his claim for compensation adjusted in conformity to the provisions of the act, and has elected to sue the defendant directly, as provided by Section 1465-76 of the said act.

It is consequently clear that the defendant is not liable in this action unless the plaintiff's injuries arose from the willful act of the defendant, or some of the defendant's officers or agents, or from the failure of the defendant, or some of its officers or agents, to comply with some lawful requirement for the protection of the lives and safety of its employees.

Plaintiff was injured by the falling of an elevator used by defendant to elevate coal at its east end power house, plaintiff at the time being on the elevator engaged in the work of lifting a small car of coal by means of said elevator from one floor to another floor or platform about forty feet above. Plaintiff claims that said elevator and its equipment has become worn and weakened by constant and excessive use and was not in good condition, and that an examination by the defendant would have disclosed such condition and the general unsuitability of the elevator for the work it was required to do.

Plaintiff's amended petition contains the following specified averment, to-wit:

"Plaintiff states further, that the injuries so suffered by him arose from the willful act of the defendant in failing to comply with the laws of Ohio, 104 Ohio Laws, at page 194, in that it failed to provide the protection and safety due plaintiff under said laws, in this, to-wit: that it failed to provide a suitable safety brake, and that it failed to provide a socket of sufficient strength to hold the elevator cable to the cab; and that said elevator was defectively constructed, in this to-wit, that the guides or tracks thereof were made of wood and were not of sufficient strength to permit the safety devices to operate so as to prevent the car from falling when the accident hereinbefore complained of occurred; and plaintiff says further, that by long and excessive use of said elevator the same had become weakened and of not sufficient strength to perform the work required of it in elevating coal as aforesaid."

This allegation together with others, defendant seeks to have stricken from the amended petition. Defendant attacks this averment because it claims it is irrelevant and immaterial for the reason that the failure of the defendant to do the specific things set forth in this paragraph of the amended petition neither charge the defendant with doing a "willful act," nor with violating any "lawful requirement," within the meaning of Section 1465-76, General Code.

With respect to the first contention concerning this averment, counsel for defendant is undoubtedly correct, when we bear in mind that the Legislature has defined the term "willful act," as used in the above section, as "an act done knowingly and purposely with the direct object of injuring another." We can not ignore this definition, even though its acceptance means that the probability of any Ohio employer ever being held liable under this statute for a "willful act" is exceedingly remote. Under this definition of the term "willful act," as we analyze it, there must be an intentional trespass by the employer against the person of the employee, under circumstances which would fairly import criminal as well as civil liability. To do an act purposely means to do it intentionally, not accidentally or by chance. It imports an act of the will, intention, a design to do a particular thing or accomplish a specific result. Hence, before the defendant could be held liable under Section 1465-76 for a "willful act" the plaintiff must prove by a preponderance of the evidence that the defendant, or some officer or agent of the defendant, knowingly and purposely permitted the elevator in question to become and remain unsafe and unsuitable, and this with the direct object in view of injuring plaintiff or some other person.

Even conceding that the purpose for which the act is done may be gathered or adduced from the circumstances under which it is done, which is ultimately a question for the jury, we are nevertheless of the opinion that only in a very exceptional and highly unusual case, could all the essential elements of the above definition be shown. We have no right, however, to assume to determine from a mere inspection of his pleading,

what facts plaintiff will be able to establish when his case comes on to be heard on its merits, and hence, we are not at liberty to foreclose his rights on this claim.

We come now to the second contention of the defendant. Does the plaintiff show a violation of any "lawful requirement," within the meaning of Section 1465-76 in the paragraph of his amended petition set forth above.   Defendant claims that he does not, and directs our attention to the case of *American Woodenware Co.* v. *Schorling,* 96 Ohio St., 305, and the case of *Patten* v. *The Aluminum Castings Co.,* 31 O.C.A., 481.   In the Schorling case, the plaintiff, an employee of the defendant, was injured by reason of a car of lumber falling on him.   The defendant has complied with the Ohio workmen's compensation act.   The plaintiff alleged that his injuries were due to the negligent failure of the defendant to comply with the provisions of Sections 871-15 and 871-16 of the General Code, and claimed that these sections imposed lawful requirements upon the defendant within the meaning of Section 1465-76.

Sections 871-15 and 871-16 provide in substance, that employers shall furnish employees with safe places in which to work, shall furnish and use safety devices and safeguards and do everything that is reasonably necessary to protect the life, health, safety and welfare of employees.

In the Schorling case the Supreme Court say, page 325:

"We are convinced the term 'lawful requirement,' as used in the constitutional amendment and the statutory provisions involved in this case, was not intended to and does not mean a general course of conduct, or those general duties and obligations of care and caution which flow from the relation of employer and employee, and which rest upon each member of the community for the protection of the others."

In other words, the Supreme Court decided in this case, giving its decision the broadest interpretation, that when there is a general duty of care imposed upon the employer by law, that is a general duty not to be negligent, such general duty is not a "lawful requirement" for the protection of employees within the meaning of Section 1465-76, but where an employer is required by a statute or an ordinance or an order of the In-

dustrial Commission to do a specific thing or to adopt a specific safety device or safeguard for the protection of the lives, health and safety of employees, and fails to comply with such statute, ordinance, or order, such employer does violate a "lawful requirement," is guilty of negligence *per se,* and is liable to an employee who is injured by reason thereof under the provisions of Section 1465-76.

In the Patten case, the plaintiff, a millwright, was injured while engaged in the work of painting the interior of defendant's plant. His injury occurred by reason of the falling of a temporary scaffold, due to a defective plank therein, which scaffold had been erected by plaintiff and his fellow workers for the purpose of doing said work. The defendant had complied with the provisions of the workmens compensation act, but the plaintiff elected to sue his employer direct, claiming a violation of a lawful requirement by the employer. To establish his claim plaintiff relied upon Section 12593 of the General Code. No claim was made in this case that Patten's employer had been guilty of any "willful act" of negligence.

Section 12593, General Code, reads as follows:

"Whoever, employing or directing another to do or perform labor in erecting, repairing, altering or painting a house, building or other structure, knowingly or negligently furnishes, erects or causes to be furnished for erection for and in the performance of said labor unsuitable or improper scaffolding, hoists, stays, ladders or other mechanical contrivances which will not give proper protection to the life and limb of a person so employed or engaged, shall be fined not more than five hundred dollars or imprisoned not more than three months, or both."

In the court of common pleas of Cuyahoga county, Patten recovered a verdict for $8,750 and judgment was entered in his favor for that amount. This judgment was reversed by the court of appeals of the First District, sitting by designation in Cuyahoga county in the Eighth District, for the reason that Section 12593 did not impose any "lawful requirement" on the defendant within the meaning of Section 1465-76; this opinion of the court of appeals of the First District being in direct conflict with the conclusions reached by the court of ap-

peals of the Eighth District in the previously decided Cuyahoga case of the City of Cleveland v. McLanahan (not reported), the former court certified the Patten case to the supreme court, where it is now pending.

In the McLanahan case, decided November 20, 1918, the plaintiff recovered a judgment in the common pleas court for personal injuries which he sustained from a defective hoist used by the city in constructing a tunnel from the shore of Lake Erie to a crib located some distance out in the lake. McLanahan was working for the city and the city denied liability, maintaining that in no event could it be held to answer in damages at the suit of one of its employees for the reason that it was protected by the workmens compensation act. McLanahan, however, claimed that it had violated the provisions of Section 12593 supra, and hence had violated a lawful requirement within the meaning of Section 1465-76.

In affirming the judgment of the trial court, the court of appeals say:

"All that the jury were permitted to pass upon was whether or not the city was liable to the plaintiff under the provisions of Section 12593, General Code. Our summary of conclusion upon all contentions in which the city calls in question the applicability of this section to the case in hand, and the propriety of hearing testimony on that footing, is that the section, as applied to this case, is a "lawful requirement" within the meaning of Section 29 of the workmens compensation act; that it was within the constitutional power of the Legislature to pass the section to that effect; that the case of American Woodenware Manufacturing Company v. Schorling, 96 Ohio St., 305, does not impair the effect of the section, so as to affect adversely to the plaintiff below the judgment upon which he stands in this proceeding; that the court below rightly allowed testimony to go to the jury in support of claimed liability under the section made, and properly refused to construe that section in connection with Section 12593 as it was requested to do by the defendant, the city of Cleveland."

In the McLanahan case the jury found that the hoist in question was used on the work both to elevate earth and to carry the workmen from the pit of the shaft at the mouth of the tunnel to the surface of the ground above, and that said hoist

was, unsuitable and improper and was likewise defective in construction. A motion to certify this case was overruled by the Supreme Court, and hence this decision has at least the tacit approval of that court. Section 12593 was in no manner specifically referred to or passed upon in the Schorling case, and hence will come before the Supreme Court for the first time in the Patten case.

In the case at bar, however, the plaintiff Kuhn does not exclusively base his right to maintain this action upon any of the statutes involved in the Schorling, Patten or McLanahan cases. He has in support of his action and in support of the above averment of his amended petition, what none of the above plaintiffs had to support their claims, and that is the provisions of Section 1027 of the General Code. This statute requires owners and operators of shops and factories to do certain specific things with respect to the machinery and equipment used in such shops and factories for the purpose of preventing personal injury. A failure on the part of the employer to comply with the provisions of Section 1027, General Code, is negligence *per se.*—*Variety Iron & Steel Works* v. *Poak,* 89 O. S., 297; *Acklin Stamp Co.* v. *Kutz,* 98 O. S., 61.

Defendant contends that there is nothing in the amended petition to show that defendant is the owner or operator of a shop or factory, and hence, Section 1027 is not applicable to this case. We believe, however, that the allegation in the amended petition that "he was employed by the said defendant as an elevator man at its East End power house in Cincinnati, Ohio," sufficiently shows that his place of employment was a shop or factory within the meaning of Section 1002, which defines the term "shops and factories."

Paragraph 4 of Section 1027 reads as follows:

"They shall case in all unused openings of elevators and elevator shafts and place automatic gates or floor doors on each floor where entrance to the elevator carriage is obtained. They shall keep such gates or doors in good repair and examine frequently and keep in sound condition the ropes, gearing and other parts of elevators."

If the duty imposed on the defendant by this paragraph is nothing more than the mere general duty to exercise ordinary

care for the safety of the plaintiff, the defendant would not be guilty of negligence *per se* if he failed to observe its requirements. *Schell* v. *DuBois*, 94 O. S., 93. But, as shown by the authorities hereinbefore cited, it is negligence *per se* on the part of the employer to neglect to comply with the provisions of this statute, and hence, this statute does something more than reiterate the general common law duties of an employer with respect to his employees. In our opinion, this paragraph of Section 1027 is a direct order to the defendant to do a specific thing, to adopt specific safety devices and safeguards for the protection of its employees. Under the statute the defendant is specifically required to examine its elevators frequently, to keep them and their appurtenances in sound condition, and if necessary, to remove defective parts and replace them with sound parts in the same manner that it would be specifically required to enclose all exposed cogwheels and fly-wheels, and to cover, cut-off or counter-sink all set screws and to guard all saws and woodcutting machinery in accordance with the provisions of other paragraphs of this statute, and not merely use ordinary care to do so.

We therefore hold, that a violation of any of the provisions of Section 1027 is a violation of a ''lawful requirement'' within the meaning of Section 1465-76, General Code, and that the averment sought to be struck out by the fifth branch of defendant's motion is properly incorporated in the amended petition.

Paragraph 4 of the defendant's motion is also overruled. As to paragraph 1, 2 and 3, the motion is granted. With respect to 1 and 2, it is sufficient to remark that the pleader should state the facts from which it is claimed the alleged legal duty arises. If the legal duty claimed does not arise from the facts pleaded, an averment by the pleader that it does so arise adds nothing to the cause of action attempted to be set forth, and is simply surplusage and a conclusion. With respect to 3, we will state that it is not proper to plead either fully or in substance the general statutes of the state, in view of the doctrine of judicial notice pertaining to domestic legislation.

Inasmuch as there is no reference in the amended petition to any municipal ordinance, or to any order of any state board, the motion to make definite and certain is overruled.